WOODS v. O'BRIEN.
Civ. A. No. 6782.

District Court, D. Massachusetts.
June 7, 1948.

Orrin P. Rosenberg, Rent Enf. Atty. and Charles J. Delaney, Rent Enf. Atty., Office of Housing Expediter, both of Boston, Mass., for plaintiff.

Fred V. McMenimen, Edwin R. Trafton and James A. Sullivan, all of Boston, Mass., for defendant Dickinson S. Miller.

FORD, District Judge.

On April 9, 1948, this court issued a permanent injunction restraining the defendant from evicting one Miller from the possession of the first floor front room at 95 Pinckney Street, Boston, except in accordance with the provisions of Section 209(a) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §

1899(a), and the regulations issued thereunder. Also, the defendant was enjoined to continue to provide the same essential services as she was required to provide on June 30, 1947.

On May 25, 1948, Miller, proceeding under Rule 71, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c filed a petition for attachment for contempt on the ground that on April 9, 1948 the defendant gave Miller a notice to vacate under the provisions of Section 209(a) (5) of the Housing and Rent Act of 1948, 50 U.S.C.A.Appendix, § 1899(a) (5). This subsection makes provision for the recovery of possession of housing accommodations for the immediate purpose of withdrawing such from the rental market.

■ Certainly this procedure did not violate the terms of the injunction of April 9, 1948. The procedure taken by the defendant was expressly permitted by the injunction. (See last sentence of paragraph 1.) Much evidence on the question of defendant's good faith was presented by the petitioner. I do not pass upon this question. This is a contempt proceeding and the question presented is whether the defendant violated the injunction of April 9, 1948. This is not a proceeding to evict the petitioner. In fact this court has no jurisdiction with respect to such a proceeding. That is a matter for the state courts and the question of good faith may be raised, if the petitioner desires to do so, in an eviction proceeding in the state court. (I do not intimate this is the only manner in which it can be raised.)

We now pass to the second ground alleged to support the petition, namely, that essential services which the petitioner enjoyed on June 30, 1947 and which the defendant was enjoined to furnish were not provided by the defendant.

■ Evidence was offered by the petitioner, a man nearing 80 years of age, which showed, and I find it to be the fact, that the defendant did not clean the one room and pantry petitioner occupied; that she did not make the beds; also that the windows were not cleaned. Also, I find the petitioner has expended five dollars to clean his room from April 9, 1948 to the date of hearing on this petition, June 1, 1948. It is true that the room petitioner occupied demanded more care than if occupied by a younger person who did not desire to prepare his meals in his own room. Also, it may be the room demanded more care because of its continual occupancy by petitioner. But the defendant knew or should have known these conditions would obtain when she let the room to the petitioner. There is no doubt that the defendant for a considerable period of time has attempted to rid herself of the petitioner. The past history of this case proves this. At one time she even removed his bed from the room. Bickering between the parties has gone on for some time past and the situation that presently exists is more or less intolerable for both parties to this proceeding. But the latter consideration is no warrant for the defendant to flaunt the orders of this court. That cannot and will not be permitted. The defendant has been ordered to give the cleaning service required as of June 30, 1947 with respect to the petitioner's room, pantry, and windows and so long as he occupies it, under the present state of the law, she must provide it or subject herself to whatever sanctions this court sees fit in the circumstances to impose.

■ This is a petition for civil contempt. United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884; Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874; Parker v. United States, 1 Cir., 126 F.2d 370; Raymor Ballroom Co. v. Buck, 1 Cir., 110 F.2d 207, 211, 212. This court may impose judicial sanctions for either or both of the following purposes: (1) to coerce the defendant into compliance with the court's order and (2) to compensate the petitioner or complainant for losses actually suffered. United States v. United Mine Workers, supra, 330 U.S. at pages 303, 304, 67 S.Ct. at page 701, 91 L.Ed. 884.

■ I find the defendant guilty of contempt because of violation of this court's order of April 9, 1948 and I impose a fine of fifty (50) dollars. Five (5) dollars of this fine will be paid to the petitioner in

or within ten (10) days in order to compensate the petitioner for his pecuniary loss in cleaning his room. For coercive purposes, forty-five (45) dollars of the fine imposed will be paid to the United States by the defendant in thirty (30) days from the date of this order unless the defendant purges herself of contempt by regularly cleaning the petitioner's room, pantry, and windows and complying with the order of this court of April 9, 1948.

The latter matter may be brought to the attention of the court by a motion to remit the fine imposed for coercive purposes and it will be remitted upon a proper showing that the order of April 9, 1948 is complied with.