### WOODS v. TAPER et al.
### No. 8452.

United States District Court
S. D. California
Central Division.
July 27, 1948.

Abe I. Levy, Stephen D. Monahan, Frank L. Hirst and Richard G. Solof, Office of the Housing Expediter, all of Los Angeles, Cal., for plaintiff.

Albert H. Allen and Hyman Goldman, both of Beverly Hills, Cal., for defendants.

HALL, District Judge.

The plaintiff having filed his verified complaint and his affidavits and memorandum of points and authorities in support of his motion for preliminary injunction and

the defendants, Sydney Mark Taper, and Wardlow Heights, Inc., through its President, Sydney Mark Taper, each having been personally served with a copy of the verified complaint, a copy of the order to show cause, a copy of the memorandum of points and authorities and affidavits in support of plaintiff's motion for preliminary injunction on the 22nd day of July, 1948, and the cause having come on regularly for hearing on the 26th day of July, 1948, before the Honorable Peirson M. Hall, Judge Presiding, and the plaintiff being represented by Frank L. Hirst, Esq., and said defendants not appearing in person or by counsel, and said cause having been continued by order of the Court for hearing to the 27th day of July, 1948, at 10:00 o'clock a. m., at which time the cause was submitted on plaintiff's verified complaint, affidavits and memorandum of points and authorities in support of his motion for preliminary injunction, no evidence having been offered in opposition to plaintiff's motion by said defendants, and no affidavits having been filed by them in opposition to said motion, and the Court having considered all of the allegations in said verified complaint and said affidavits, the said allegations being unopposed and the Court being fully apprised of the premises, makes the following

Findings of Fact.

1. That the plaintiff as Housing Expediter, Office of the Housing Expediter, brings this action for an injunction and makes his motion for a preliminary injunction pursuant to Section 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix § 1896 for the purpose of enjoining the defendants from evicting from the hereinafter described housing accommodations the hereinafter described persons.

2. That jurisdiction of this action is conferred on this Court by Section 206 of the Housing and Rent Act of 1947, as amended.

3. That the defendant Wardlow Heights, Inc., is a corporation, duly authorized and existing under the laws of the State of California.

4. That at all times hereinafter mentioned the defendants were the landlords of the housing accommodations located at 3500 Easy Avenue, 3533 and 3557 Fashion Avenue, Long Beach, California.

5. That at all times pertinent hereto there was in effect in the Los Angeles Defense Rental Area a Controlled Housing Rent Regulation (12 F. R. 4331).

6. That at all times pertinent hereto the housing accommodations hereinabove described were subject to said aforementioned Act and Regulation, particularly Section 209 of said Act.

7. That the defendants Sydney Mark Taper and Wardlow Heights, Inc., are residents within the County of Los Angeles, State of California, having their principal place of business within said county and are within the jurisdiction of this Court.

8. That on or about June 3, 1948, said defendants, as landlords, commenced proceedings to evict from the housing accommodations at 3500 Easy Avenue, Long Beach, California, one, Lucy A. Heustis, a tenant thereof, and other persons lawfully in occupancy thereof by serving upon the said Lucy A. Heustis a Notice to Quit, basing said notice expressly on the landlord's desire in good faith to recover possession of said housing accommodations for the immediate purpose of withdrawing said housing accommodations from the rental market and such housing accommodations are not thereafter to be offered for rent as such.

9. That on or about June 3, 1948, said defendants, as landlords commenced proceedings to evict from the housing accommodations at 3533 Fashion Avenue, Long Beach, California, one Paul R. Moberly, a tenant thereof, and other persons lawfully in occupancy thereof by serving upon the said Paul R. Moberly a Notice to Quit, basing said notice expressly on the landlord's desire in good faith to recover possession of said housing accommodations for the immediate purpose of withdrawing said housing accommodations from the rental market and such housing accommodations are not thereafter to be offered for rent as such.

10. That on or about June 3, 1948, said defendants, as landlords, commenced pro-

ceedings to evict from the housing accommodations at 3557 Fashion Avenue, Long Beach, California, one Henry Monkiewicz, a tenant thereof, and other persons lawfully in occupancy thereof by serving upon the said Henry Monkiewicz a Notice to Quit, basing said notice expressly on the landlord's desire in good faith to recover possession of said housing accommodations for the immediate purpose of withdrawing said housing accommodations from the rental market and such housing accommodations are not thereafter to be offered for rent as such.

11. That said defendant commenced such proceedings and served such notices for the expressly avowed purpose of making said housing accommodations vacant in order that same might be redecorated and thereafter sold to persons who would purchase such housing accommodations for use as their residences.

12. That said defendants are engaged in evicting tenants from other housing accommodations subject to said Act and said Regulation of which they are the landlords individually and under the guise of corporate structure by serving notices to quit similar to the notices to quit hereinabove described and with the same expressly avowed purpose as hereinabove set forth.

13. That unless defendants are restrained from further acts in furtherance of their design set forth above they will evict said tenants and said Sydney Mark Taper and Wardlow Heights, Inc., of which said Sydney Mark Taper is President and major stockholder, will proceed to evict numerous other tenants in numerous other controlled housing accommodations owned, controlled or managed by said defendants, under similar circumstances and for the same purpose as hereinabove set forth.

From the above findings of fact, the Court makes the following

Conclusions of Law.

1. That the purpose for which said defendants Sydney Mark Taper and Wardlow Heights, Inc., have commenced said eviction proceedings and served said notices to quit on said Lucy A. Heustis, Paul R. Moberly and Henry Monkiewicz, and said other tenants hereinabove referred to does not constitute a proper ground for eviction within the meaning of Section 209 (a) (5) of said Housing and Rent Act of 1947, or any other subdivision of said Section 209.

2. That the plaintiff herein is entitled to a preliminary injunction, pending the determination of the Court on plaintiff's complaint for a permanent injunction, enjoining the defendants Sydney Mark Taper and Wardlow Heights, Inc., their agents, servants, employees, attorneys, officers and directors, and all other persons in active concert or participation with them from:

(a) Evicting Lucy A. Heustis and all other persons in occupancy of the housing accommodations located at 3500 Easy Avenue, Long Beach, California, except in accordance with the provisions of Section 209 of the Housing and Rent Act of 1947, as amended, and on the grounds and for the purposes stated therein.

(b) Evicting Paul R. Moberly and all other persons in occupancy of the housing accommodations located at 3533 Fashion Avenue, Long Beach, California, except in accordance with the provisions of Section 209 of the Housing and Rent Act of 1947, as amended, and on the grounds and for the purposes stated therein.

(c) Evicting Henry Monkiewicz and all other persons in occupancy of the housing accommodations located at 3557 Fashion Avenue, Long Beach, California, except in accordance with the provisions of Section 209 of the Housing and Rent Act of 1947, as amended, and on the grounds and for the purposes stated therein.

(d) Engaging in any action or course of action, the purpose of which is to evict illegally tenants from the above-described premises, or any other housing accommodations owned, controlled, or managed by the defendants or from evicting said tenants in any form or manner contrary to the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq., and Regulations issued thereunder, as heretofore or hereafter amended or superseded.

(e) Directly or indirectly demanding or receiving amounts in excess of the maximum legal rent, or from discontinuing,

withholding suspending, or shutting off the normal supply of heat, light, gas, hot and cold water, janitorial services, or other essential services and utilities, or threatening to do any of the foregoing.