**WOODS, Housing Expediter, v. STEWART.**

No. 12408.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1948.

J. Edwin Fleming, Litigation Atty., and H. C. Happ, Regional Atty., both of Dallas, Tex., and Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel, and Benjamin I. Shulman, Sp. Litigation Atty., all of Washington, D. C., for Housing Expediter.

Dick Young, of Houston, Tex., for appellee.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for restitution to the tenant of $27.22 rent overcharges and for $54.44 as statutory damages. There was a request in ten numbered paragraphs for admissions of fact, a denial by defendant seriatim, but not under oath, of the ten numbered paragraphs in the request for admission, and an answer to the petition denying that there were overcharges, and, pleading in the alternative, that if there were, they were not willful.

When the case was called for trial on the merits, plaintiff appeared by counsel, defendant in person and by counsel. Plaintiff's counsel announced that he had no witnesses but would rely on his request for admissions of fact and defendant's failure to make answer under oath. Defendant, insisting that the failure to swear to her answers had not deprived them of effect, and that plaintiff had, therefore, offered no evidence, moved for verdict and judgment. The district judge, in agreement with that view, gave judgment for defendant. Plaintiff is here insisting that this was error and the judgment must be reversed.

We agree. Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A., in terms requires "a sworn statement". We know of no reason and no authority, we are pointed to none, why this provision should not be given effect. On the contrary, there are many cases[1] holding that it should be. The record, however, makes it quite clear that the failure to swear to the answers to the request for admissions was not deliberate, but because of a misunderstanding of its necessity, and that defendant asserts a bona fide defense to the suit. Upon reversal, therefore, defendant should be given a reasonable time, to be fixed by the court, to make proper answer to the request.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

---

[1] Gilbert v. General Motors Corporation, 2 Cir., 133 F.2d 997, at page 1002; Woods v. O'Brien, D.C., 78 F.Supp. 221; Woods v. Taper, 79 F.Supp. 984; a host of unreported district court decisions. See also Billingslea v. Greaves, Tex.Civ.App., 196 S.W.2d 945; Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, construing rule 169, Texas Rules of Civil Procedure.