BARNS, PAUL D., Associate Judge.
The appellee-plaintiff, Finest Plomes, Inc., sued appellant-defendant, Donald J. Curley, in an action of assumpsit. The complaint contained only the common law common count of indebitatus assumpsit. The defendant Curley filed an answer of a general denial. The plaintiff-appellee moved for a summary judgment supported by an affidavit, to which appellant Cur-ley filed a counter-affidavit. The court granted plaintiff’s motion for summary judgment from which judgment the defendant Curley prosecuted this appeal. We find error and reverse.
Although not clearly stated in the pleadings or plaintiff’s affidavit, it seems to be a fair inference from defendant-Curley’s affidavit that plaintiff was engaged in the *740 business of developing a subdivision and the sale of lots; that the defendant Curley was employed by it to advance the sale of the lots through his efforts and a sales force organized by him and that Curley was to receive $100.00 for each sale made through his sales force; that the plaintiff represented to Curley that it had sources available for financing homes sold by Curley or his sales force and that some fifty-six specified prospective sales failed because the plaintiff did not have available financing resources as represented. Plaintiff’s claim appears to be based on advances of funds made before they were earned and the defendant claims they were not earned because of plaintiff’s aforesaid alleged failure of its purported representation.
 On a hearing of a motion for a summary judgment the court may pierce the curtain of the paper issues made by the pleadings and examine the affidavits for the purpose of determining whether there is any genuine issue of fact that ought to be tried. From the affidavits above recited it does not appear that there is no genuine issue of material fact. The defendant by his answer has made no counterclaim, which, under Rule 1.13(1), Rules of Civil Procedure, 30 F.S.A., may be necessary in order that the defendant have the benefit at trial of a defense based on the facts of his affidavit. However, since we are not reviewing proceedings at trial, we need not determine that proposition.
In passing on plaintiff’s motion for a summary judgment where the defendant’s affidavits in opposition to the motion indicate defenses are available but not made by his answer, the defendant’s right to amend his answer and the duty of the court to allow amendments need be considered. Rule 1.15(a), Rules of Civil Procedure, specifies that when leave of court is necessary for an amendment that “leave shall be freely given when justice so requires.” The general rule as stated in Rossiter v. Vogel, 1943, 2 Cir., 134 F.2d 908, 912, is: “[Wjhere facts appear in affidavits upon motion for a summary judgment which would justify an amendment of the pleadings, such amendment should not be prevented by the entry of a final judgment.” Cf. 6 Moore’s Federal Practice (2nd ed.) Sec. 56.10, p. 2054.
From the foregoing it does not affirmatively appear that there are no genuine issues of fact that ought to be tried; hence it was error to grant plaintiff’s motion for a summary judgment and the judgment appealed is reversed.
Reversed.
SHANNON, Acting C. J., and WHITE, J., concur.