**HARTLEY & PARKER, INC., Appellant,**

v.

**FLORIDA BEVERAGE CORPORATION
and American Distilling Company,
Appellees.**

**No. 21234.**

United States Court of Appeals
Fifth Circuit.

July 14, 1965.

John B. Orr, Jr., Herbert L. Kaplan, Orr & Kaplan, Miami, Fla., for appellant.

W. G. Ward, Ward & Ward, Arthur S. Friedman, Miami, Fla., Edward S. King, Chicago, Ill., for appellee, American Distilling Co.

Before JONES and BELL, Circuit Judges, and HUNTER, District Judge.

GRIFFIN B. BELL, Circuit Judge:

We reversed the judgment of the District Court on the previous appearance of this antitrust case. Hartley & Parker, Inc. v. Florida Beverage Corporation, 5 Cir., 1962, 307 F.2d 916. The reversal was premised on the error of the court in having dismissed the treble damages complaint for failure to state a claim on which relief could be granted. The plaintiff in the District Court, Hartley & Parker, Inc., is a former distributor of the products of defendant American Distilling Company. Defendant Florida Beverage Corporation was an additional distributor of American Distilling Company and, as it turned out, the successor distributor to plaintiff.

We pointed out three bases in the complaint for claims of discrimination against the distiller under the Clayton Act as amended by the Robinson-Patman

Act, 15 U.S.C.A. §§ 13(a), (d), (e), and 15, and against the defendant distributor under 15 U.S.C.A. §§ 13(f), and 15. The first claim stated was based on alleged discrimination in prices charged by the distiller as between the distributors; the second on discrimination in promotional allowances by the distiller as between the distributors; and the third, also involving price discrimination, rested on the assertion that plaintiff distributor was charged more than defendant distributor by the distiller for beverages identical except for label. All three claims were supported by allegations that the distributors were competing in the sale of the products in question, of the necessary effect on competition, and that plaintiff was damaged.

On remand, and by amendment, an additional claim of price discrimination through concealed transactions in bulk whisky was added. Also on remand, a suit on account brought by the distiller against the plaintiff distributor was consolidated for trial with the antitrust case. This appeal is from judgment for the distiller on the suit on account in the stipulated amount due together with interest, and for the distiller and the defendant distributor in the antitrust case.

■ It developed on the trial that plaintiff's case was all pleadings and no facts. See Rule 11, F.R.Civ.P. There was a complete failure of proof with respect to the Robinson-Patman Act discriminations alleged from the standpoint of specific or particular evidence introduced. As much was conceded on argument in this court. However, plaintiff contends that it was entitled to judgment against the defendant by reason of the consequences flowing from the failure of the distiller to swear to answers to requests for admissions filed under Rule 36, F.R.Civ.P. And it is true that the answers were not verified as required by the rule. Only two of the requests go

directly to the issue presented.[1] Request No. 8 was as follows:

"That subsequent to the appointment of Florida Beverage Corporation as a dual distributor with respect to the above products, American Distilling Company sold such products to Florida Beverage Corporation at prices substantially lower than the prices for which the identical products had theretofore been sold to Hartley & Parker, Inc."

Request No. 14 was as follows:

"That subsequent to August 1, 1960, the advertising and promotional material, services and facilities supplied to Florida Beverage Corporation were not offered to Hartley & Parker, Inc. on equal terms."

These requests for admissions were denied by the distiller but, as stated, there was no sworn denial. The same requests were served on the defendant distributor and its answers were verified. Request No. 8 was denied. No. 14 was answered on the basis that it could neither admit nor deny for want of sufficient information with respect to the subject matter of the request.

The requests for admissions and the answers thereto were offered by plaintiff on the trial and admitted into evidence. No mention was made of the fact that the distiller had failed to verify the answers. After the evidence was closed, and upon written summarization of the evidence together with suggested findings and conclusions being filed at the request of the District Court, plaintiff for the first time took the position that it was relying on the default of the distiller to the end of claiming that the requests stood admitted. We hold that the District Court was correct in rejecting this position.

Request No. 8, even if deemed admitted, was otherwise explained by the evidence. There was no proof whatever

---

1. Plaintiff makes much of the failure of the distiller to notice for hearing objections to some of the requests as required by Rule 36. This is a frivolous contention in view of the practice under the local court rule, the fact that the court heard the same objections, and the fact that the objections were valid.

that the same prices were not available to plaintiff subsequent to the appointment of Florida Beverage as a dual distributor by the distiller. Indeed, the proof was to the contrary. Plaintiff simply elected not to make further purchases from the distributor. Moreover, there was no proof of price discrimination as related to plaintiff's stock of goods on hand at the time it severed relations with the distiller.

An affirmative answer to request No. 14 likewise would avail plaintiff nothing. The District Court would be bound to make its decision on the truth of the case as it was presented, and the truth, according to the uncontradicted evidence introduced without objection in the face of the requests for admissions, was that the same advertising and promotional materials, services and facilities supplied to the defendant distributor were available to plaintiff.

■ We decide against plaintiff for another reason. In our view the duty rested on plaintiff, if it wished to take advantage of the defect in the answers, to call the attention of the court to the absence of verification prior to the end of the trial. One circumstance lending support to this view stems from the fact that the parties entered into a comprehensive pretrial stipulation after the requests for admission had been answered. They agreed that, among others, the issues of fact preserved for trial and decision by the court were as follows:

"(a) Whether American Distilling Company gave Florida Beverage Corporation price concessions, discounts or rebates off the case goods wholesale price of whiskey products produced by American Distilling Company which were not similarly available to Hartley & Parker, Inc.

\*　\*　\*　\*　\*

"(d) Whether American Distilling Company supplied Florida Beverage Corporation with promotional and advertising material subsequent to August 1, 1960 without according to all purchasers the same on proportionally equal terms."

If, as plaintiff now contends, these issues are foreclosed by the defect in the answers to the requests for admissions, then they were foreclosed at the time of the pretrial stipulation and were not outstanding issues of fact. The only difference in the posture of the case is that the evidence now discloses that there were no acts of discrimination as alleged.

■ This circumstance is buttressed by the fact that the District Court, because of plaintiff withholding its position, was deprived of exercising its discretion to determine whether the distiller should be permitted to swear to the answers out of time but prior to the close of the trial. Plaintiff relies on a group of authorities where the sanction was imposed of treating the requests as admitted in situations where there was no sworn denial. See Beasley v. United States, E.D.S.C., 1948, 81 F.Supp. 518; United States v. Laney, E.D.S.C., 1951, 96 F.Supp. 482; Sieb's Hatcheries, Inc. v. Lindley, W.D.Ark., 1952, 13 F.R.D. 113; Heuer v. Basin Park Hotel and Resort, W.D.Ark., 1953, 114 F.Supp. 604. Cf. Batson v. Porter, 4 Cir., 1946, 154 F.2d 566. We have carefully noted these authorities but it appears to us that the better reasoning is that the District Court may permit late verification in the exercise of a sound discretion. Our own case of Woods v. Stewart, 5 Cir., 1948, 171 F.2d 544 teaches this. Here the court was not allowed to exercise its discretion, except as it overruled the contention of plaintiff regarding the admissions when the defect finally came to its attention after trial.

■■ A ruling adversely to the plaintiff on this unique contention is also indicated from the spirit of the federal practice to accord substantial justice over mere technical contentions. The rules are not so inflexible as to prevent truth from coming to light where the variance in question is properly subject, as is the case, to the exercise of a sound discretion by the court. Ordinarily, where the technical position of the plaintiff had not been otherwise overcome, we could remand for verification to prevent

a miscarriage of justice. See Woods v. Stewart, supra. However, such a course is unnecessary, where, as here, no objection was lodged on the trial to the absence of verification and the clear evidence refutes the claimed admission in each instance. Accordingly, there being no merit in the position of plaintiff from the standpoint of having carried the burden of proof, we conclude that the District Court committed no error with respect to the antitrust aspect of the case.

 The amount of the account due by plaintiff to the distiller was stipulated. Whether interest was due was a matter of law saved for the court. The court awarded interest. This award is in keeping with the Florida law on the subject which is that interest is allowable from the time the debt becomes due and payable. See Parker v. Brinson Construction Company, S.Ct.Fla., 1955, 78 So.2d 873; Sullivan v. McMillan, 1896, 37 Fla. 134, 19 So. 340. Here the interest allowed did not commence until several months after the debt became due and payable and the award to this extent favored plaintiff.

Affirmed.