MARTIN, HENRY F., Jr., Associate Judge.
Appellants appeal from an adverse summary judgment entered upon their cross-claim against a codefendant in an automobile accident case.
*683 The factual background is somewhat complicated but must be understood in order to appreciate and determine the respective contentions of the parties.
On or about March 3, 1967 a motor vehicle owned and operated by appellee Eisele came into collision with the rear end of a motor vehicle owned by appellants and operated by one Frank Murdock who is a nominal appellee herein. As a result of the collision, one of the two vehicles damaged certain real property or appurtenances thereon owned by one Saul Doppelt in the vicinity of the accident scene.
Thereafter, Mr. Doppelt for the use and benefit of his insurance carrier filed suit in the Small Claims Court against Eisele, Graham and Murdock for damage to his property in the amount of $217.00. His amended statement of claim (Complaint) was filed February 20, 1968. Thereafter, on April 24, 1968 Doppelt’s attorney propounded certain request for admissions to all three defendants the last of which stated:
“8. That the defendants owe the plaintiff the sum of $217.00.”
Thereafter, on May 6, 1968 appellants filed a cross-claim against co-defendant Eisele for damage to their automobile in the amount of $750.00 and eventually on July 17, 1968 Eisele in turn crossclaimed against appellants for damage to his vehicle and personal injuries in the amount of $5,000 which precipitated the transfer of the case to Circuit Court on June 26, 1968.
None of the three defendants ever responded to Doppelt’s request for admissions, including No. 8 above, in any legally sufficient manner.
While the cause was pending in the Circuit Court, Doppelt moved for summary judgment against defendant Eisele only. This motion was granted and final judgment was entered against Eisele and in favor of Doppelt for $217.00 on November 21, 1968. No reasons or grounds for the entry of the final judgment are set forth therein.
Eisele was aggrieved by the summary judgment in favor of Doppelt and directed certain post-judgment motions thereto including a motion for relief under Rule 1.540 R.C.P., 31 F.S.A. and to vacate such judgment. These various motions were denied and Eisele filed his notice of appeal. On appeal, however, the only matter considered by the Appellate Court was the order denying Eisele’s motion for relief under Rule 1.540 R.C.P. and to vacate the summary judgment. It is clear that the appeal of such an order does not bring up for review the final judgment sought to be vacated and the sole issue before the Appellate Court is whether or not the trial court abused its discretion in failing to grant said motion.[1]
On the present appeal, appellee Eisele takes the position that the summary judgment entered against him was entered because he failed to respond to Doppelt’s request for admissions number 8 which the trial court accepted as an absolute admission of liability. He further contends that since the request for admissions was binding upon him it is also binding upon appellants and establishes the contributory negli *684 gence of their driver (Murdock) as a matter of law and that the trial court was correct in so holding. In other words, Eisele claims that “what’s sauce for the goose is sauce for the gander”.
It is obvious that this court did not consider the merits of the original summary judgment on the earlier appeal and said appellee is incorrect in suggesting otherwise. In fact, appellee’s motion for relief and to vacate states as follows:
“2. If said judgment is predicated upon the assumption, as indicated by the court, that the entire record fails to disclose any denial of the allegations of plaintiff’s statement of claim, and therefore, said allegations should be held as confessed by him * * * ” (Emphasis supplied)
Therefore, the record strongly indicates that the said request certainly was not the controlling factor in the earlier judgment. In short, it appears that appellee cooked his own goose without any sauce.
Following Doppelt’s recovery against Ei-sele and the appeal discussed above, the cause was scheduled to proceed upon the cross-claims of appellants against Eisele and that of Eisele against appellants (owners) and Murdock (driver).
Eisele then moved for summary judgment against appellants which motion was granted and the final judgment here under review was entered against appellants on their cross-claim and no reasons or grounds were specified by the trial court.
The record on appeal discloses that Ei-sele ran his vehicle into the rear end of appellant’s automobile. He contends that appellant’s driver (Murdock) was improperly backing appellant’s vehicle along the road at the time of the collision. Obviously, a question of fact is presented with respect to the alleged negligence on the part of the respective drivers.
Rule 1.370 R.C.P., 30 F.S.A. and former Federal Rule 36 require a party to admit or deny any relevant matters of fact set forth in the request as distinguished from conclusions of law. Moore’s Federal Practice, Sec. 36.04(4). Federal Rule 36 was amended in 1970 to liberalize the practice with regard to opinions, conclusions and contentions.[2]
The request for admissions here involved cannot be construed as an admission of any fact which establishes liability as a matter of law. At best, it calls for a conclusion of law not contemplated by the rule. Accordingly, we hold that there is no proper predicate in the record to support the judgment appealed from and the same must be reversed.
Reversed.

. In * Rogers v. First National Bank at
* Reversed on other grounds, Fla., 232 So.2d 377.
Winter Park, Fla.App.1969, 223 So.2d 365, 366, the Court stated: “(1) It must be emphasized that the issue of the correctness, or otherwise, of the court’s original order of dismissal with prejudice is not before us for review no timely appeal having been taken, therefrom.
(2) Although denial of a motion to vacate a final judgment is appealable, such an appeal will not bring up for review the final judgment sought to be vacated. Odum v. Morningstar, Fla.App.1963, 158 So.2d 776. Confining ourselves, therefore, to the sole issue which this court has jurisdiction to determine, we must decide whether the trial court abused its discretion in failing to grant appellant’s motion to vacate.”

. Federal Rule 36, as amended in 1970, states: “Rule 36. Requests for Admission. (a). Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.”