MAGER, Judge.
Appellants-defendants, Curry Ford Apartments, Inc., and Federal Insurance Company, appeal a summary judgment rendered in favor of appellee-plaintiff, Black-ton, Inc. In entering summary judgment the trial court denied defendants’ motion to amend the jurat clause in their answers to plaintiff’s requests for admissions. The trial court determined defendants’ answers to these admissions to be “unverified” and presumably deemed as admitted matters which the defendants had specifically denied (Rule 1.370, F.R.C.P. 30 F.S.A.). It appears the trial court’s conclusion that there was no genuine issue as to any material fact was predicated in part upon the matters deemed admitted in the “unverified” answers.
We are of the opinion that the trial court erred in denying defendants’ motion to amend their responses to cure the defective jurat. The nature of the defect was that although the defendants’ responses reflected that they were being made “under oath”, the jurat or acknowledgment before a notary, omitted references to the fact that affiant was “first duly sworn” before executing such acknowledgment. The defendants alleged in their motion to amend that this omission in the jurat was caused inadvertently, accidentally and without deliberate intention. These allegations were uncontroverted by plaintiff. The rules of discovery should be liberally interpreted to comport with the spirit of their intended function which is to arrive at the truth and to accord substantial justice over mere technical contentions. Cabot v. Clearwater Construction Company, Fla. 1956, 89 So.2d 662; Woods v. Stewart, 5 Cir. 1948, 171 F.2d 544; Hartley & Parker, Inc. v. Florida Beverage Corporation, 5 Cir. 1965, 348 F.2d 161; see also Bente v. Nelson, Fla.App. 1963, 156 So.2d 17; Southern Railway *694 Company v. Wood, Fla.App.1965, 171 So.2d 614.
We are of the opinion therefore that the defendants’ motion to amend their answers to plaintiff’s requests for admissions should be granted and such answers should be considered in determining whether the responses therein reflect the existence of any genuine issue as to any material fact in the case sub judice. In this regard see Parkhurst v. Noble, Fla.App.1970, 238 So.2d 691; Baskin v. Griffith, Fla.App.1961, 127 So.2d 467; Jacobi v. Claude Nolan, Inc., Fla.App.1960, 122 So.2d 783; Strode v. Southern Steel Company, Fla.App.1966, 188 So.2d 690; Card v. Commercial Bank at Daytona Beach, Fla.App. 1960, 119 So.2d 404.
Accordingly, the judgment of the trial court is reversed with directions to the trial court to take such further proceedings as are consistent with this opinion.
CROSS, C. J., and REED, J., concur.