PER CURIAM.
Defendant, Lum’s, Inc., appeals from a summary judgment for plaintiff, Farish, in an action which he brought to rescind a franchise agreement and for return of a five thousand dollar deposit.
The critical issue below was whether Farish or Lum’s was responsible for acquiring a site for a restaurant location in Austin, Texas. The written contract (franchise) between the parties provided that “site selection” for the restaurant was the responsibility of Farish.
Farish filed a request for admissions and sought an admission from Lum’s that it had the responsibility for acquiring the site to be used for the proposed restaurant. Answers to the request for admissions were timely filed by Lum’s but they were not sworn to and were not properly signed. Lum’s admits that these answers violated the requirements of Rule 1.370(a), R.C.P., 30 F.S.A.
Farish then filed a motion for summary judgment alleging that there was no genuine issue as to any material fact and that he was entitled to a summary judgment as a matter of law.
Prior to the hearing on the motion for summary judgment Lum’s filed an affidavit by one of its agents which set forth that the site selection for the restaurant was the responsibility of the franchisee and that Farish was not told that Lum’s would secure a suitable site for the restaurant. Prior to the hearing Lum’s also moved for leave to file proper executed answers to the request for admissions. It alleged that the “answers” tendered were identical to the prior answers that had been inadvertently prepared and executed. Attached to the motion were answers to the request for admissions which had been properly sworn and signed. Summary final judgment was rendered for Farish.
Within the time for filing a motion for rehearing Lum’s attorney filed an affidavit setting forth his inadvertence in filing the original answers and setting forth the circumstances surrounding the filing of those pleadings. Lum’s also filed a motion to vacate the judgment in accordance with Rule 1.540, R.C.P., 31 F.S.A., on the *340 ground that the judgment was entered through inadvertence, or excusable neglect. These motions were denied and this appeal followed.
The trial court granted the summary judgment based on that part of Rule 1.-370(a), R.C.P., which provides that “each of the matters of which an admission is requested shall be deemed admitted unless” the party timely serves a sworn statement properly signed. The trial court judge obviously was of the opinion that these “admissions” required him to enter the summary judgment.
In our opinion this violates the spirit and intent of the Florida Rules of Civil Procedures.
Lum’s attempted to comply with the rules prior to the entry of the summary judgment. The invocation of the rule here operated more in the nature of a penalty upon the defendant than as an end to the orderly and expedient trial of the material issues.
We conclude that the trial judge abused his discretion in not vacating the summary final judgment which was entered as a result of inadvertence and in failing to permit Lum’s to file properly executed answers to the request for admissions. See Curry Ford Apartments, Inc. v. Blackton, Inc. et al., Fla.App.1971, 249 So.2d 693; Southern Railway Company v. Wood, Fla.App.1965, 171 So.2d 614; Fla.App.1965, 175 So.2d 812; Hartley & Parker, Inc. v. Florida Beverage Corporation, 348 F.2d 161 (5th Cir. 1965); and Woods v. Stewart, 171 F.2d 544 (5th Cir. 1948); Cf. Sieb’s Hatcheries, Inc. v. Lindley, 13 F.R.D. 113 (D.C.Ark.1952).
The summary final judgment herein appealed is reversed and the cause remanded with directions to vacate the judgment and to permit the defendant to file properly executed answers or responses to the requests for admissions.
It is so ordered.
HENDRY, J., dissents.