PER CURIAM.
This is an interlocutory appeal wherein the appellant seeks reversal of an order of the trial court overruling appellant’s objections to certain of plaintiff-appellee’s requests for admissions. It is appellant’s contention that the requests for admissions to which it has objected are improper because they are directed to matters which constitute the major areas of dispute between the parties which have been denied in the answer and which relate to matters of opinion and conclusions of law.
We have considered appellant’s objections to appellee’s request for admissions in the light of the record, briefs and argument of counsel and have concluded that the trial court erred in overruling appellant’s objections.
In a quiet title action, the appellee-plain-tiff filed the following requests for admissions directed to the appellant-defendant City of Miami:
“ * * * Plaintiff * * * requests the defendant * * * to make admissions of fact, pursuant to F.R.C.P. Rule 1.370 as follows :
“1. The date of death of J. William Ewan, who is referred to in the Complaint, was March 22, 1917.
“The facts stated in the chain of title allegations ‘(a)’ through ‘(f)’ in Paragraph 1 of the Complaint, as amended, are corrected.
“2. Plaintiff’s estate (in the property described in Paragraph 2 of the Complaint, as amended) according to the warranty deed from D. D. Skinner to him, dated May 26, 1965, recorded in O. R. Book 4609, Page 407, Public Records of Dade County, Florida, is an estate in fee simple.
“3. Plaintiff Vining has never made any conveyance of all, part or any interest in the subject property and is entitled to, and has been in, possession thereof.
“4. There are no liens or encumber-ances on the subject property.
“5. The only adverse claimants to the subject property are the City of Miami and the Intervenors.
“6. The facts stated in Paragraphs 9 and 10 of the Complaint, as amended, herein are correct.
“7. The Plat, recorded on May 7, 1894, in Plat Book ‘B’, page 52, of Dade County Public Records, is not and does not purport to be a plat of a subdivision, but was signed and caused to be filed by eleven different and separate owners showing their respective lots in the area covered by said plat.
“8. In 1894 and for some years thereafter, there were no dedicated thoroughfares in the Cocoanut Grove area.”
The appellant responded as follows:
“1. The date of the death of J. William Ewan is admitted.
“The facts in paragraph l.(a). and 1. (b). are admitted.
“The defendant, City of Miami (hereinafter ‘the City’) objects to l.(c), l.(d), 1.(e), and l.(f) on the ground that these requests are not appropriate requests for the admission of facts, in that they request conclusions and answers in direct contradiction to the several City’s answers and defenses to this suit.
“2., 3., 4., 5., 6., 7., and 8. The City objects to these requests on the ground that these requests are not appropriate requests for the admission of facts in *744 that they request conclusions and answers in direct contradiction to the City’s answers and defenses to this suit.”
This court, in Graham v. Eisele, Fla.App.1971, 245 So.2d 682, recently construed Rule 1.370, Florida Rules of Civil Procedure, 30 F.S.A. In that case we stated that:
“Rule 1.370 R.C.P., 30 F.S.A. and former Federal Rule 36 require a party to admit or deny any relevant matters of fact set forth in the request as distinguished from conclusions of law. Moore’s Federal Practice, Sec. 36.04(4). Federal Rule 36 was amended in 1970 to liberalize the practice with regard to opinions, conclusions and contentions.” (Italics and footnote omitted.)
This court adheres to the construction which has been placed upon Rule 1.370 by Graham v. Eisele, supra, until such time as it may be amended. The requests for admissions in the instant litigation violate two principles. First, admissions are properly objectionable where they seek admissions as to disputed facts lying at the heart of a case, and second, where they seek admissions as to conclusions of law. In Peck v. Clesi, 37 F.R.D. 11, 12 (N.D.Ohio, 1963), the court explained:
“* * * These requests seek admissions as to facts surrounding the [automobile] accident which appear to be the major areas of dispute between the parties. A request for admissions as to disputed facts appears to be nothing more than an attempt by one party, in anticipation of a favorable verdict at trial, to lay a foundation for transferring to the other party a large part of the costs of the lawsuit, pursuant to Rule 37(c), Federal Rules of Civil Procedure. Such an attempt will not be permitted. The objections to these requests will be sustained.” (Citation omitted.)
For the reasons stated, the order appealed is reversed.
Reversed.