PIERCE, Chief Judge.
In this case Old Equity Life Insurance Company, an insurance corporation, appeals to this Court from a summary final judgment entered in favor of appellee Robert Lee Suggs, who, as plaintiff in the lower Court, sued Old Equity for alleged failure to pay benefits under a medical insurance policy.
During the pre-trial skirmishes on pleadings, plaintiff Suggs filed a “Request for Admissions” asking that Old Equity admit that it was “indebted to plaintiff” in the amount set forth in the Statement of Claim. Old Equity responded with a blanket denial of “each allegation of plaintiff’s Request' for Admission”. The response was signed by Old Equity’s counsel but not verified as required by R.C.P. 1.370, 30 F. S.A. Thereafter, despite several motions and pleadings filed by Old Equity seeking to avoid failure to verify the response to admissions, the Court entered a summary final judgment in favor of Suggs for the full amount claimed, plus interest, attorney’s fees, and Court costs. Old Equity has appealed to this Court and raises the sole question of propriety of entry of the summary final judgment upon the facts as stated. We perceive merit in Old Equity’s contention and reverse.
The request of Suggs that precipitated the entire hassle was that Old Equity admit that it was “indebted to plaintiff” in the full amount sued for, “according to the terms of the insurance policy attached to the Statement of Claim and the allegations in said Statement of Claim”. Essentially, this was not a request for admission as to a fact, but rather a request for admission of a conclusion; the conclusion being that Old Equity was legally liable for the full amount claimed by Suggs. The Request for Admission was thus objectionable on its face and did not legally call for a response under the rules. City of Miami v. Bell, Fla.App.1971, 253 So.2d 742; Graham v. Eisele, Fla.App.1971, 245 So.2d 682.
But there is another and more fundamental reason why the failure to verify the responsive denial to the Request for Admission should not have been the catalyst to entry of Summary Judgment. At the time Summary Judgment was entered, Old Equity had filed a sworn affidavit denying the same matters contained in the request, and also filed and served a timely response to the request denying the same matters, and had further filed and served a properly verified Response Nunc Pro Tunc to Suggs’ request. These were apparently ignored by the Court.
But such proceedings ran counter to the manifest purpose of the Rules of Civil Procedure and particularly the Request for Admissions which has for its purpose the efficient and methodical trial of the material issues. Here, as said by the 3rd District Court in Lums, Inc. v. Farish, Fla.App.1971, 251 So.2d 338, such action “operated more in the nature of a penalty upon the defendant than as an end to the orderly and expedient trial of the material issues”. Or as stated by the 4th District Court in Curry Ford Apartments, Inc. v. Blackton, Inc., Fla.App.1971, 249 So.2d 693:
“The rules of discovery should be liberally interpreted to comport with the spirit of their intended function which is to arrive at the truth and to accord substantial justice over mere technical contentions.”
With commendable candor, counsel for appellee Suggs has filed in this Court a “Confession of Error”, wherein he “agrees that the Summary Judgment granted him in the lower Court was in error”. By the same token, we hasten to add that the summary final judgment in the case sub judice was entered by the trial Court prior to the opinion in either Curry Ford or Lums, Inc. *282 aforesaid. It follows therefore that the summary final judgment herein appealed is—
Reversed and the cause is remanded for further proceedings not inconsistent herewith.
LILES and McNULTY, JJ., concur.