301 So.2d 466 (1974)
Wiladean R. KUYKENDALL, Appellant,
v.
Ervin G. KUYKENDALL, Appellee.
No. V-227.
District Court of Appeal of Florida, First District.
October 15, 1974.
Harry Lewis Michaels, Tallahassee, for appellant.
Don Dansby, Perry, for appellee.
SPECTOR, Acting Chief Judge.
By interlocutory appeal appellant seeks reversal of an order vacating and setting aside a final judgment of dissolution of marriage.
Appellant filed her petition for dissolution of marriage in 1973, and counsel for appellant prepared a final judgment which was agreed to by counsel for appellee. Prior to the dissolution, appellant and appellee owned a fish camp in Taylor County as tenants by the entireties. The final judgment was entered by the lower court and the real property was ordered to be thenceforth owned by the parties as tenants in common.
The lower court set aside the final judgment on the basis of appellee's contention that he never intended for the real property to be held equally. Appellee also contends that he paid for the fish camp from his own resources and that it was not until after the entry of judgment that he realized *467 that he would not have an opportunity to present evidence as to his ownership of the property.
The setting aside of a final judgment is governed by Rule 1.540(b), Florida Rules of Civil Procedure, which provides as follows:
"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application... ."
It is evident from the circumstances of the instant case that counsel for appellee mistakenly believed that he could assert ownership of the real property when it was partitioned after the final judgment. However, a mistaken view of the law is not one of those circumstances contemplated by Rule 1.540(b), Florida Rules of Civil Procedure. White v. Spears, 123 So.2d 689 (Fla.App. 1960); E & E Electric Contractors, Inc. v. Singer, 236 So.2d 195 (Fla.App. 1970).
Also, it should be pointed out that the merits of the case as to whether appellee is entitled to exclusive ownership of the property are not before this court. The sole issue that can be decided on appeal is whether the trial court abused its discretion in setting aside the final judgment. Graham v. Eisele, 245 So.2d 682 (Fla.App. 1971) and Zwakhals v. Senft, 206 So.2d 62 (Fla.App. 1968).
We hold that the lower court did abuse its discretion in that there was no allegation of any circumstances within the contemplation of the rule. Appellee had every opportunity prior to the entry of final judgment to determine what is the law of this state in regard to distribution of real property upon dissolution of marriage. Appellee even assented to the entry of a final judgment which contained the very provision which he now contends was a mistake. His alleged failure to comprehend the meaning of such a provision before final judgment was entered cannot now support the vacating of that judgment.
Accordingly, the order setting aside the final judgment is reversed.
JOHNSON and BOYER, JJ., concur.