413 So.2d 1258 (1982)
William DAVISON and Buena E. Hey, Appellants,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ORLANDO, Appellee.
Nos. 81-938, 81-976 and 81-1024.
District Court of Appeal of Florida, Fifth District.
May 12, 1982.
J. Russell Hornsby and Jack Perlmutter of J. Russell Hornsby, P.A., Orlando, for appellants.
Susan F. Murphy of Giles, Hedrick & Robinson, P.A., Orlando, for appellees.
DAUKSCH, Chief Judge.
This is an appeal from partial summary judgments and a final judgment in a case involving allegations of conversion and other civil wrongs.
The decisive issue for us to contend with is the propriety of the court in refusing to permit a defendant to amend his answer to a request for admissions.
Florida Rule of Civil Procedure 1.370 provides a vehicle by which issues are narrowed in a civil case, thus allowing the parties and the court to concentrate upon the various contentions of the parties after the resolution of the facts which are not in dispute. That separation of the wheat from the chaff makes for a more orderly resolution of disputes.
This case involves allegations that appellant Davison forged a check, took the money from the forged check and thus defrauded the bank. Appellant Hey is alleged to have participated in the scheme to misappropriate the funds. Because of the alleged misconduct the appellee obtained a judgment against both Davison and Hey. The lawsuit began in the usual manner by the filing and service of a complaint and the filing and service of an answer to the complaint. In his answer Davison denied various allegations, including the one that he had forged the check. Soon after the answer was filed the bank served its Request for Admissions pursuant to Florida Rule of Civil Procedure 1.370. In the record before us are copies of that request for admissions, one of which is a copy of the one in the appellant Davison's attorney's file. Next to the request for admission which asks him to admit he forged the signature there is a "D". This "D" also appears next to other requests for admissions. Some of the requests, on the other hand, have an "A" next to them. It is obvious from the record that "D" means "deny" and "A" means "admit". Thus it is clear Davison's attorney made a clerical mistake when the answers to the Request for Admissions admitted forging the check. It is also clear that Davison did not intend to admit this fact and to bind himself and Hey to that admission. Finally, *1259 it is also clear his attorney either knew or should have known of the clerical mistake long before he brought it to the court's attention and attempted to correct it by filing affidavits of Davison and an employee of the law office.[1]
So, when appellee moved for a partial summary judgment against both appellants and appellants first woke up to the fact that they had admitted the most critical factor of the plaintiff's allegations they set out to correct the inadvertent admission by asking the court to allow the Davison admission to be changed to a denial; in accordance with his answer to the complaint and in accordance with what he swears is the truth. The trial court denied the motion to amend the answers to request for admissions and entered summary judgment concerning the liability on the forgery allegation. The trial judge instructed the jury at trial "It has been established as a matter of law" that Davison forged the check.
In our examination of the caselaw applicable to the situation presented to us in this appeal we are led to the inescapable conclusion that the court should have allowed Davison to amend his answers to the request for admissions and that it was error for the trial court to have entered the partial summary judgments and the final judgment. The error was prejudicial to both appellants so we must reverse the final judgment, the partial summary judgments and remand this matter for a new trial after Davison is permitted to amend his answer to the Request for Admissions.
In Old Equity Life Insurance Company v. Suggs, 263 So.2d 280 (Fla. 2d DCA 1972), quoting Curry Ford Apartments, Inc. v. Blackton, Inc., 249 So.2d 693 (Fla. 4th DCA 1971), it was said:
The Rules of discovery should be liberally interpreted to comport with the spirit of their intended function which is to arrive at the truth and to accord substantial justice over mere technical contentions.
See also Lums, Inc. v. Farish, 251 So.2d 338 (Fla. 3d DCA 1971) and Love v. Allis-Chalmers Corporation, 362 So.2d 1037 (Fla. 4th DCA 1978). In Curley v. Finest Homes, Inc., 167 So.2d 739 (Fla. 2d DCA 1964), the Second District Court of Appeal held "On a hearing of a motion for a summary judgment the court may pierce the curtain of the paper issues and examine the affidavits for the purpose of determining whether there is any genuine issue of fact that ought to be tried." Here, Davison asked the court to consider his affidavit, and the affidavit of another which showed he denies forging the check. When the court refused to consider his affidavit and entered the partial summary judgment in face of the affidavits the spirit of the rule regarding requests for admissions was violated. See Florida Rule of Civil Procedure 1.370 and the rules and caselaw regarding Summary Judgment. For example, see Rule 1.510(f). See also Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., 108 So.2d 641 (Fla. 1st DCA 1959), where it was said "Public policy requires that our courts be ever vigilant in making summary disposition of causes lest the application of the rule result in eroding or destroying the fundamental right of litigants under our system of jurisprudence to have the issues made by the pleadings tried by a jury of fellow citizens." The principal embraced by those lofty words was violated when the penultimate sanction of the partial summary judgment was invoked here. Some lesser sanction would have sufficed.
REVERSED AND REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] Parenthetically, we are not at all convinced by appellee's assertions that the employee's affidavit is inadmissible because it is an affidavit of an attorney representing the appellant. Appellee says because it is unethical for a lawyer to be a witness in a case, that witness' evidence is inadmissible. That is not correct. If the lawyer must present testimony as a witness then she should be excluded as a lawyer in the cause, not excluded as a witness. Justice is what is sought in the courts. If an ethical violation exists then another forum deals with that. For a note to source material, see No. 234 The Journal of the Academy of Florida Trial Lawyers 14 (1982).