WENTWORTH, Judge.
This is an appeal from a directed verdict against appellant, the defendant in a legal malpractice action. Because we find no error on the grounds asserted by appellant, we affirm.
On June 19, 1981, appellee filed suit against appellant for legal malpractice alleging negligence in the failure to pursue an appeal in a suit which had been brought against the City of Jacksonville. On February 11, 1982, appellee sent appellant a request for admissions pursuant to Florida Rule of Civil Procedure 1.370. Appellant was requested to admit that he had filed a notice of appearance after an adverse final judgment in the previous suit, that a notice of appeal had already been filed and that an order was entered to permit appellant to perfect the appeal, that appellant failed to pursue the appeal so that it was ultimately dismissed, and that as a direct result of the dismissal appellee was damaged “in the maximum amount of monetary damages permitted by Chapter 768 F.S. ...” On March 19, 1982, appellee sent an additional request for admissions consisting of one question which read:
1. That the maximum amount of monetary damages permitted by Chapter 768 F.S. in an action for wrongful death against a state agency or subdivision as it applies to the claims which were the basis of Duval County Circuit Court Case No. 77-13813-CA is $100,000.00, with a maximum of $50,000.00 for any one survivor or the estate of Willie James Boggs, deceased.
Appellant never answered the first request for admissions and his answer to the additional request was untimely. A jury trial was commenced on September 16, 1982. Relying on the language in Rule 1.370 which provides that a matter is deemed admitted unless denied or objected to within thirty days, appellee presented his case by putting in evidence the unanswered and untimely answered requests for admissions. Appellant defended in part by presenting evidence that he had never received the first request for admissions. However, during closing arguments appellant’s attorney pulled the request for admissions from his file and showed it to the jury.[1] At the end of his argument, appel-lee’s attorney requested the court to excuse the jury and pointed out that the document in opposing counsel’s possession bore appellant’s date stamp indicating that he had received the request for admissions one day after they were mailed. The judge then placed appellant and his attorney under oath, examined them both and found that appellant had received the request as indicated by the date stamp. She then directed a verdict in favor of appellee on the grounds that the matters contained in the requests for admissions were deemed admitted.
Appellant raises two points on appeal, as follows:
I. The trial court judge erred in directing a verdict against the Appellant on the basis of Appellee’s Request for Admissions and Additional Request for Admissions because the matters deemed admitted did not establish a prima facie case of legal malpractice.
II. The trial court erred in directing a verdict in favor of Appellee based on Appellant’s failure to answer the Request for Admissions because the appellant’s failure to file answers was inadvertent and Appellee would not have been prejudiced by being required to maintain his action on the merits.
We find no error on the grounds asserted. If the matters in the requests are deemed admitted they show that: (1) appellant was employed by appellee; (2) he *499 neglected a duty of that employment, and (3) his neglect resulted in appellee’s loss. A prima facie case of malpractice was therefore shown. Drawdy v. Sapp, 365 So.2d 461 (Fla. 1st DCA 1978). As to appellant’s second point, we find no abuse of discretion in the trial court’s determination. As the court noted, this was not a case involving an inadvertent typographical error or a brief delay in the response. See e.g. Davison v. First Federal Savings and Loan Assoc., 413 So.2d 1258 (Fla. 3d DCA 1982); Love v. Allis-Chalmers Corp., 362 So.2d 1037 (Fla. 4th DCA 1978). Because the record clearly supports a conclusion that appellant’s failure to answer was not inadvertent, we find no significance in the contention that appellee would not have been prejudiced by being required to prosecute his action on the merits.
Under the circumstances presented we conclude the directed verdict is not reversible on the grounds urged by appellants.
Affirmed.
LARRY G. SMITH and JOANOS, JJ., concur.

. The attorney who represented the Appellant on this appeal was not the Appellant's attorney in the trial court.