ORFINGER, Judge.
We reverse the judgment on the pleadings which decided the issue of liability in favor of the plaintiff because we have determined from the record that the trial court abused its discretion in refusing to allow the defendant to file late answers to plaintiff's requests for admissions, on which admissions the judgment was entered.
Plaintiff filed the request approximately three weeks prior to the date on which the case was set for trial. Defendant had announced to the court and opposing counsel that she was changing lawyers, and her lawyer was permitted to withdraw. For a good part of the 30 days in which she should have responded to the request, defendant was unrepresented. Without question, the withdrawal of the technical admissions would serve to facilitate the presentation of the case on its evidentiary merits. Melody Tours, Inc. v. Granville Market Letter, Inc., 413 So.2d 450 (Fla. 5th DCA 1982). No prejudice is demonstrated by the appellee if the admissions are withdrawn. See Curry Ford Apartments, Inc. v. Blackton, Inc., 249 So.2d 693 (Fla. 4th DCA 1971). Fla.R.Civ.P. 1.370(b). Having to prepare for a trial on the merits is not the type of prejudice which the plaintiff can raise to combat the defendant’s motion for leave to file late answers because preparing for a trial on the merits was plaintiffs burden from the beginning. Neither can plaintiff argue that it had released witnesses from subpoena without a showing that these witnesses are material and are no longer available. The trial court has discretion to impose on the appellant the costs of issuing new subpoenas as a condition to permitting the late answers. Fla.R. Civ.P. 1.370(a).
REVERSED.
COBB, C.J., and SHARP, J., concur.