LETTS, Judge.
This appeal involves yet another squabble between a house owner, a general contractor, and several subcontractors engaged to repair fire damage. At issue is whether a summary judgment was properly entered against the house owner. In one respect, we believe it was not.
We are of the opinion that the facts of this controversy add nothing to the body of the law and this opinion is drafted to achieve its result rather than engage in any exposition of the law.
As to points I and III, we affirm upon the authority of Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984).
Point II is affirmed without comment.
Involved in Point IV, is the owner and one of the subcontractors, A.B.C. Electrical Contractors, Inc. A.B.C. Electrical was granted a summary judgment even though the owner alleged incomplete work in an affirmative defense, and in a timely filed affidavit opposing the motion for summary judgment. We hold it was error to grant the summary judgment on this issue. Obviously, factual issues remain. Accordingly, we reverse and remand for further proceedings.
Finally, we address Point V which involves the owner and a second subcontractor, Universal Security Alarm Systems.
At the summary judgment hearing, the owner requested for the first time that it be permitted to add the affirmative defense of incomplete work against Universal Security Alarm. The trial court denied the motion to amend as follows:
MR. GRAHAM: Again, Your Honor, as far as ABC is concerned, we do have an Affirmative Defense that work was incomplete and [unsatisfactory.
THE COURT: That’s what the affidavit says.
MR. GRAHAM: Judge, that is true as to Universal as well.
THE COURT: I’m not going to consider that, because there is nothing in the file to indicate that there is something to indicate that that was alleged as a defense against them.
With regard to the case law on amendments as late as at a summary judgment hearing, a trial court should examine affidavits for the purpose of determining whether it is appropriate to amend the pleadings. As the court in Curley v. Finest Homes, Inc., 167 So.2d 739 (Fla. 2d DCA 1964), stated:
In passing on plaintiff’s motion for a summary judgment where the defendant’s affidavits in opposition to the motion indicate defenses are available but not made by his answer, the defendant’s right to amend his answer and the duty of the court to allow amendments need be considered. Rule 1.15(a), Rules of Civil Procedure, specifies that when leave of court is necessary for an amendment that “leave shall be freely given when justice so requires.” The general rule as stated in Rossiter v. Vogel, 1943, 2 Cir., 134 F.2d 908, 912, is: “[WJhere facts appear in affidavits upon motion for a summary judgment which would justify an amendment of the pleadings, such amendment should not be prevented by the entry of a final judgment.” Cf. 6 Moore’s Federal Practice (2nd ed.) Sec. 56.10, Op. 2054.
See also: McClendon v. Key, 209 So.2d 273 (Fla. 4th DCA 1968).
The affidavit filed in the case at bar never discussed the issue of whether Universal’s work was incomplete and, of course, that issue had never been raised in the pleadings prior to the hearing.
*1111 With further reference to Florida Rule of Civil Procedure 1.15(a) now rule 1.190, although leave to amend should be freely given when justice so requires, we note that amendments have been denied four days before pretrial conference, see Dunn v. Campbell, 166 So.2d 217 (Fla. 2d DCA 1964) and two weeks before trial, see Brown v. Montgomery Ward & Co., 252 So.2d 817 (Fla. 1st DCA 1971), cert. denied, 257 So.2d 561 (Fla.1972). Amendments have also been denied when they inject new issues and when the party seeking amendment knew the facts before filing the action. See Houston Texas Gas & Oil Corp. v. Hoeffner, 132 So.2d 38 (Fla. 2d DCA), cert. denied, 136 So.2d 349 (Fla.1961).
Here, the trial court denied the oral motion to amend and we do not believe that was error since there was no reference to the defense prior to the hearing. The trial judge has discretion in these matters and we find no abuse of it here.
AFFIRMED IN PART. REVERSED AND REMANDED IN PART.
DOWNEY and STONE, JJ., concur.