PER CURIAM.
In accordance with the opinion by the Supreme Court of Florida in North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849, reversing this court’s opinion rendered in Barber v. North Shore Hospital, Inc., Fla.App.1961, 133 So.2d 339, and referring the matter for further consideration on the propriety of the entry of the summary judgment [which had not heretofore been determined in the original appearance of this case in this court], the matter was set for further argument on this point.
 The plaintiffs’ complaint is based on two alleged causes of action against the defendant hospital. First, that the hospital failed to observe the standard of care of the community in the operation of its nursery and thereby breached a duty owed the minor plaintiff when it accepted her as a patient. And, second, that the hospital was responsible for a failure to diagnose an infectious condition of the minor plaintiff at the time of her discharge. Following argument and consideration of the briefs and the record before the trial judge at the time he entered the summary judgment, it appears that the record fails to demonstrate any departure from the standard of care generally found in the community on the part of the hospital in the caring of the minor plaintiff. Failing to demonstrate a breach of the normal standard of care in the community, the plaintiffs are without a cause of action against the hospital. See: Sprick v. North Shore Hospital, Incorporated, Fla.App.1960, 121 So.2d 682. The hospital was not negligent in any failure to diagnose the infectious condition of the minor plaintiff, as plaintiffs’ own expert witness clearly indicated that the symptoms of the infection would not have been apparent during the time that the child was within the confines of the hospital. Therefore, for the reasons stated, the summary judgment is hereby affirmed.
Affirmed.