HENDRY, Judge.
Plaintiff appeals from the summary final judgment entered in favor of defendant.
Jeffrey Allen Groves, the 17 month old child of appellant, was taken to Jackson Memorial Hospital on June 12, 1961 for emergency treatment. The child died on the operating table while undergoing surgery.
His step-father, Jan Karl was convicted of manslaughter for inflicting the physical injuries upon the child which resulted in death. This court affirmed that conviction on September 25, 1962.[1]
Appellant, as natural mother of the child, instituted this action to recover for the wrongful death of the child based on the alleged negligence of the hospital in treating her son. The lower court granted the defendant’s motion for summary judgment. We affirm.
Appellant contends that there was a genuine issue of material fact to be tried, therefore the trial judge erred in granting summary judgment. We can not agree.
There is no showing that the hospital performed any negligent act, and by inferring all factual determinations in appellant’s favor, it does not appear how the appellee’s activity resulted, caused or contributed to the death of the child.
It is made amply clear from the record that there is no genuine issue as to any material fact, and those issues of fact raised by appellant are immaterial and if resolved in her favor would not add one iota to the necessary requisite of demonstrating actionable negligence on the part of the hospital.[2] Appellee has sustained its burden of showing the absence of a material issue of fact, but the appellant has failed to show how the undisputed facts constitute negligence on the part of the hospital. [3]
Accordingly the judgment appealed is affirmed.
Affirmed.

. Karl v. State, Fla.App.1962, 144 So.2d 869.

. Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5.

. Barber v. North Shore Hospital, Inc., Fla.App.1962, 145 So.2d 760.