380 So.2d 1326 (1980)
Nanak SINGH, Appellant,
v.
Marika TOLZ, Appellee.
No. 79-480.
District Court of Appeal of Florida, Fourth District.
March 19, 1980.
*1327 Joyce Courtney Peterson of Law Office of Chesley V. Morton, Fort Lauderdale, for appellant.
Jeffrey P. Swayman of Kaplan & Jaffe, P.A., Hollywood, for appellee.
GLICKSTEIN, Judge.
This is a timely appeal from an order which denied appellant's motion to alter judgment filed pursuant to Fla.R.Civ.P. 1.540(b). We affirm.
In recognition that the facts of each case are of singular importance in determining whether or not relief under RCP 1.540(b) should be granted, Edwards v. Fort Walton Beach, 271 So.2d 136, 137 (Fla. 1972), we shall detail them in chronological order. A complaint was filed on behalf of appellant on July 6, 1978, by an associate attorney employed by another attorney. It alleged that appellant had purchased a motel from appellee in Hollywood, Florida, pursuant to a purchase agreement attached to the pleading; that after taking possession of the premises, appellant learned that the Florida Department of Transportation had acquired part of the property which would occasion not only loss of parking in front, but also the tearing down of part of the building; that appellee was a realtor to whom DOT had paid $40,000 for that part of the property being taken; and that appellant did not receive what he paid for.
On July 18, 1978 appellee moved to dismiss the complaint upon the ground that the parties' purchase agreement attached to the complaint expressly recited that the property being conveyed was "less or 5484/444 for rd." which appellee translated as being the book and page number of the Official Records of Broward County where the deed to DOT had been recorded. On September 15, 1978 the trial court dismissed the complaint and gave appellant twenty days to amend. A copy of the order was furnished to the employing attorney. For health reasons this attorney took a lengthy vacation from September 29 until November 7.
*1328 On October 25, 1978 appellee filed a motion to dismiss and for entry of final judgment based on appellant's failure to file an amended complaint within the twenty days allotted. The next day, October 26, the associate filed an "Amended Complaint" which was identical, word-for-word, to the original complaint, except the purchase agreement with the above quoted language was not attached, notwithstanding the allegation that it was. Five days later, appellee moved to dismiss the "amended" complaint.
By late November 1978 the associate's employment had terminated, and the employing attorney, who was now back in the office, had assigned the present case to a new associate. The latter served a motion to amend complaint and a second amended complaint on November 24th and 28th, respectively. This second amended complaint alleged that appellant was a native of India, had been in the United States at the time of negotiations for only two months, spoke and understood little English, had no lawyer during the negotiations, and was told by appellee that he would be purchasing that which he saw. It further alleged that appellee's warranty deed to appellant dated July 20, 1976 included all of the 1645 square feet which appellee had conveyed to the State of Florida in 1973 and claimed compensatory and punitive damages. These pleadings were not filed until December 5, 1978.
Also on December 5, the trial court entered a final judgment of dismissal against appellant "effective October 5, 1978, without leave to make further amendments thereto," based on the running of the twenty days without amendment following its September 15 order of dismissal of appellant's original complaint. On the following day, the new associate served a motion to alter judgment. This motion requested a rehearing to vacate, in effect, the December 5 order and to consider the second amended complaint on its merits. The motion further alleged the neglect of the original associate, the illness which precipitated the absence of the employing attorney and the present total dependence of appellant upon counsel because of his lack of familiarity with the language. The trial court denied the motion on February 6, 1979 and this appeal followed therefrom.
Our role in reviewing an order entered upon motion filed pursuant to Fla. R.Civ.P. 1.540(b) is solely to determine whether or not the trial court abused its discretion in failing to grant the motion. We do not consider the final judgment sought to be vacated. Graham v. Eisele, 245 So.2d 682, 683 (Fla. 3d DCA 1971).[1] We are also mindful of the following principle recited in Rogers v. First National Bank at Winter Park, 232 So.2d 377, 378 (Fla. 1970):
... While our procedural rules provide for an orderly and expeditious administration of justice, we must take care to administer them in a manner conducive to the ends of justice.
Principles arise out of factual situations, and the facts in Rogers, supra, compelled relief. In that case two attorneys dissolved their partnership and the file stayed with the office of attorney who had not been handling the matter. We assume that a motion directed to the failure of attorneys to file an amended complaint was served upon the attorney who left the firm but not upon the attorney who retained the file. Under those facts, the supreme court ordered the vacation of dismissal.
That situation is not present in the case sub judice as appellee was in complete compliance with the procedural rules. In this case an attorney (namely, the original associate) was in custody of the file, was assumingly aware of the due date for filing an amended pleading, and apparently ignored that date. Moreover, when the passage of time was seemingly called to his attention by his opponent's motion to dismiss, he consciously disregarded the trial *1329 court's order to file an amended complaint and instead filed the same pleading which had been previously dismissed, save and except the attached exhibit. Given these facts, another principle is applicable; namely, that the administration of justice cannot be achieved if there is a conscious disregard of a court's order.
We have given serious consideration to the health-occasioned absence of the employing attorney and to his diligence in attempting to remedy the harm that has befallen his client. Nevertheless, we must conclude that the absence or lack of knowledge on the part of a supervising attorney is not relevant beyond the door of his office. Otherwise, a Pandora's Box would be opened to justify the conduct of the supervised, establishing two classes of attorneys. Such result is contrary to the basic concept of the individual responsibility of an attorney who is performing services for his client.
Finally, we are also not oblivious to the following principle we stated in Enstrom v. Dixon, 354 So.2d 1251 (Fla. 4th DCA 1978):
It is the policy in this State to freely allow amendments to pleadings in order that causes may be tried on their merits and justice may be achieved. In exercising the discretion inherent in the trial court to allow or disallow amendments, all doubts should be resolved in favor of the former unless the privilege be abused... .
That principle, however, is not applicable in a case of conscious disregard of a court's order.
Focusing on the conduct of the attorney responsible for this case, we cannot say that the trial court abused its discretion in concluding that appellant was not entitled to relief for mistake, inadvertence, surprise, excusable neglect or any other reason permitted by Fla.R.Civ.P. 1.540(b). Accordingly, the order is affirmed.
AFFIRMED.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] See also McSwiggan v. Edson, 186 So.2d 13 (Fla. 1966) and E. & E. Electric Contractors, Inc. v. Singer, 236 So.2d 195 (Fla. 3d DCA 1970). But see Kuykendall v. Kuykendall, 301 So.2d 466, 467 (Fla. 1st DCA 1974).