449 So.2d 350 (1984)
FLORIDA AVIATION ACADEMY, DEWKAT AVIATION, INC., a Florida Corporation, Dewkat, II, Inc., Dewey G. Oliver, and Katherine L. Oliver, Appellants,
v.
CHARTER AIR CENTER, Inc., a Florida Corporation, Appellee.
No. AT-477.
District Court of Appeal of Florida, First District.
April 3, 1984.
Rehearing Denied May 17, 1984.
*351 Milton H. Baxley, II, Gainesville, for appellants.
Robert E. Roundtree, Jr. of Clayton, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellee.
ERVIN, Chief Judge.
Appellants seek review of (1) the trial court's order denying their motion to set aside a default and final judgment entered, it was alleged, as a result of the inadvertence and excusable neglect of their attorney, and (2) the trial court's later order declining to rule on their motion to set aside the default and final judgment, caused by the fraud and misrepresentation of the opposing party. We reverse as to point one and decline to address point two.
Charter, the plaintiff below, filed an action on March 9, 1983, for money owed by appellants on goods and services delivered to them by Charter. On April 8, 1983, Charter filed a motion for an entry of default against appellants due to their failure to file or serve any pleading in the cause, resulting in the clerk's entering a default[1] on the same date against all appellants. A final hearing was held on May six, unattended by appellants, which resulted in the entry of a final judgment on May 10, 1983, awarding to Charter the principal amount of $88,844.75, plus interest of $3,388.36 and court costs of $106.50.
On May 24, 1983, appellants filed a motion seeking relief from the default and final judgment on grounds of the inadvertence or excusable neglect of their attorney pursuant to Florida Rule of Civil Procedure 1.540(b),[2] and attached to it an affidavit, *352 explaining that service of process had been made on appellants through the Union County Sheriff's office on March 11, 1983, and that appellant, Dewey Oliver, on March 14, delivered the summons and complaint to his attorney, who in turn gave the complaint to his secretary, who erroneously filed it without ascertaining the deadline for filing an answer to the complaint. Consequently, the attorney remained unaware that any responsive pleading was due until after Oliver advised him on May 11 that he had received a copy of the final judgment in favor of Charter, whereupon he immediately contacted Charter's attorney to explain the secretarial error, as well as the fact that the firm had undergone a complete change of secretaries between March nine and May six. The motion further asserted that Charter's attorney was aware, due to continuances arranged in other cases pending between the parties, that Oliver was scheduled for major surgery on May one. Also attached to the motion was a proposed answer which listed six affirmative defenses.[3]
Charter's attorney responded that appellants were provided with ample notice and opportunity to respond in that process was duly served through the sheriff's office; default was thereafter entered as a result of appellants' failure to furnish any answer, and that notice was reasonably provided to them of the May sixth final hearing, which they failed to attend.
As stated, the Rule 1.540(b) motion for relief from judgment caused by the inadvertence and excusable neglect of defense counsel was denied by the trial court. Appellants filed a second motion pursuant to Rule 1.540(b)(3)[4] to set aside the default on grounds of fraud and misrepresentation, which the court declined to address, finding that the motion was barred by the doctrine of res judicata. We are of the view that the first motion and affidavit establish excusable neglect and therefore reverse the court's denial of the motion for relief.
The trial court may properly grant a motion to vacate a default judgment if the movant establishes both a legal excuse for failure to comply with the Florida Rules of Civil Procedure and a meritorious defense. See L.B.T. Corporation v. Camacho, 429 So.2d 88 (Fla. 5th DCA 1983); Abray Construction Company, Inc. v. Star Swimming Pools, Inc., 426 So.2d 1046 (Fla. 2d DCA 1983). Some cases have *353 imposed the additional requirement that the movant demonstrate due diligence in seeking relief from the default. Lacore v. Giralda Bakeshop, Inc., 407 So.2d 275 (Fla. 3d DCA 1982); County National Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981).
Although the trial court is vested with broad discretionary power in determining whether or not the facts constitute excusable neglect justifying the vacating of a default, the courts generally have adopted a policy of liberality toward the vacation of defaults in order to enable the parties to reach the merits of the cause. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Westinghouse Elevator Company v. DFS Construction Company, 438 So.2d 125 (Fla. 2d DCA 1983). Given these competing considerations, the appellate courts occupy a precarious position when reviewing rulings on motions to vacate default judgments:
In the first instance trial courts are advised that they should follow a policy of liberality in exercising their discretion to vacate default judgments. On the other hand appellate courts are advised that they must find a gross abuse of discretion by the trial court before disturbing its ruling on a motion to vacate.
County National Bank of North Miami Beach v. Sheridan, at 503 (e.s.); see e.g., North Shore Hospital, Inc. v. Barber.
Notwithstanding the different appellate courts' approaches to such issues, we prefer to follow that line of cases recognizing an avenue of relief is available to the defaulted party in those instances in which clerical or secretarial error has been demonstrated, and the presence of substantial prejudice to the opposing party is lacking. See e.g., Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983) (excusable neglect found upon a showing that responsive pleading was not timely filed because the summons and complaint had been inadvertently clipped to the back of another file and replaced in the file cabinet); County National Bank of North Miami Beach v. Sheridan (excusable neglect established on facts demonstrating that the attorney's secretary failed to set up a file and calendar the garnishment proceeding for proper response because she was ill).
The error, existing in the case below, was caused by the inexperienced secretary's failure to calendar the time for filing an answer to the complaint, contrary to established office policy and procedure. As such, it was an unintentional mistake which we hold, pursuant to the above authorities, constitutes excusable neglect. The proposed answer sufficiently sets forth meritorious defenses for the purpose of deciding whether a default judgment should be set aside. See North Shore Hospital, Inc. v. Barber. That Charter may ultimately be deprived of recovering the entire amount sought, for which judgment was entered, is not by itself substantial prejudice to Charter that precludes setting aside the default and final judgment on the grounds of inadvertence or excusable neglect, see, e.g., County National Bank of North Miami Beach v. Sheridan. Neither does the record reveal any other substantial prejudice that would result to Charter.
Rule 1.540(b) is a rule providing for equitable relief which should be liberally construed. We therefore conclude that under the circumstances presented, the trial court erred in failing to set aside the default and final judgment, entered as a result of inadvertence or excusable neglect, and we therefore reverse as to point one.
In view of our disposition of the first point, we need not address the issue raised in point two.
Reversed and remanded for further proceedings consistent with this opinion.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] Fla.R.Civ.P. 1.500(a) provides:

Rule 1.500. Defaults and Final Judgments Thereon
(a) By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
[2] Fla.R.Civ.P. 1.540(b) provides, in pertinent part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or degree for fraud upon the court.
[3] The following affirmative defenses were set forth in the proposed answer:

(1) The complaint failed to state a cause of action against any of the defendants;
(2) The alleged agreement violates the statute of frauds;
(3) Debts allegedly owed incurred prior to March 9, 1979 are barred by the four-year statute of limitations on the collection of a debt;
(4) All bills incurred by defendants have been paid and satisfied;
(5) Some or all of the bills prepared by Charter are false and fraudulent for labor never performed by Charter; and
(6) From May 29, 1981 until January 1, 1983, Charter has had complete control of defendant corporations Dewkat Aviation, Inc., and Dewkat II, Inc. by virtue of a May 29, 1981 stock option and proxy agreement.
[4] See note 2, supra.