487 So.2d 80 (1986)
QUALITY ELECTRIC SERVICE, INC., Appellant,
v.
SEYMOUR ELECTRIC SUPPLY CO., INC., Appellee.
No. BG-73.
District Court of Appeal of Florida, First District.
April 16, 1986.
Robert B. Staats, of Staats, Overstreet & White, Panama City, for appellant.
Bill R. Hutto, of Hutto, Nabors and Bodiford, Panama City, for appellee.
C. Douglas Brown, Panama City, for H.G. Harders & Son, Inc.
Charles S. Isler III, Panama City, for Fidelity & Deposit Co. of Maryland.

*81 ON MOTION FOR REHEARING
SHIVERS, Judge.
We grant the appellee's motion for rehearing, vacate the prior opinion, and substitute the following:
The appellant, Quality Electric Service, Inc. [Quality] appeals a final judgment entered in favor of appellee, Seymour Electric Supply Co., Inc. [Seymour], after entry of default. We reverse and remand.
This action arose out of a complaint for breach of contract filed by Seymour against Quality as defendant and H.G. Harders & Son, Inc. [Harders] as codefendant. Seymour's complaint was served on Harders on October 11, 1984 and Harders filed an answer, as well as a cross-claim against Quality, on November 9, 1984. On October 30, 1984, the complaint was served on Sara Stewart, who was Quality president B.D. Blackmon's secretary as well as secretary-treasurer of Quality. Ms. Stewart apparently placed the summons and complaint on the desk of Mr. B.D. Blackmon on the assumption that he would find the papers. He did not find them, however, and consequently did not become aware of the suit until either November 12 or November 13, the day he received Harders' cross-claim.
Soon after Blackmon received the cross-claim, he contacted Mr. Tennyson, the vicepresident of Harders, to determine whether it would be possible for Harders' attorney to represent both Harders and Quality. At that point Blackmon was apparently still unaware of Seymour's main action against Quality and Harders. Several days later, Tennyson contacted Harders' attorney and was advised that joint representation was not possible. It was approximately November 20 or 21 before Mr. Tennyson relayed that information to Blackmon. Blackmon was not satisfied with the answer and attempted to contact Brown, Harders' attorney, personally. On November 27 Blackmon finally spoke with Brown and came to realize that Seymour had sued Quality as well as Harders.
Upon learning the nature of the action, Blackmon searched his office, located the complaint served on October 30, and took the papers to his attorney. It was at that time that he learned of the default entered against Quality on November 29.
Quality moved to set aside the default on December 4 and the motion was denied on February 26, 1985. Final hearing on the default was then scheduled and noticed three times. The third, notice of hearing set for March 14, 1985, was mailed by Seymour on March 12 and filed with the court on March 13. Quality's attorney moved for a continuance due to the fact that Blackmon had been hospitalized for alcohol-related problems. The continuance request was denied, however, and final judgment was entered on March 14, 1985.
On March 29, 1985, Quality filed an amended motion to set aside default (supported by affidavits relating the above circumstances) and a motion to vacate the final judgment. Both motions were denied.
Quality now appeals the trial court's denial of his motions to set aside default and final judgment, as well as the court's refusal to grant a continuance of the final hearing.
We agree with appellant that the default and final judgment should be set aside pursuant to Fla.R.Civ.P. 1.540(b). After Blackmon became aware of the claim against Quality by Harders, either on November 12 or 13, he took immediate action to determine whether Harders' attorney could also represent Quality. Unfortunately, that confusion was not cleared up until November 27, at which time Blackmon realized that Quality was also being sued by Seymour. By the time Blackmon had retained an attorney to represent Quality a default had already been entered.
This court has recognized an avenue of relief from default judgment in instances of clerical or secretarial error. Florida Aviation Academy, Dewkat Aviation, Inc. v. Charter Air Center, Inc., 449 So.2d 350 (Fla. 1st DCA 1984). In that case, an inexperienced secretary failed to calendar the time for filing an answer to the complaint, *82 contrary to the established office policy. The secretary's failure was described by this court as an "unintentional mistake" constituting excusable neglect. Id., at 353. Excusable neglect was also found where a secretary misfiled the summons and complaint. Bland v. Viking Fire Protection, Inc. of the Southeast, 454 So.2d 763 (Fla. 2d DCA 1984); Associated Medical Institutions, Inc. v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976). In this case, Sara Stewart was both a secretary and secretary-treasurer of the corporation. Similarly, excusable neglect was found where the president of a hospital was served but he turned the complaint over to the administrative offices of the hospital. Subsequently, the administrative office misplaced the complaint. North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 850 (Fla. 1962), conformed to 144 So.2d 877, on remand 145 So.2d 760.
In light of the circumstances which were set out in appellant's affidavit, we feel that Quality established both mistake and excusable neglect and that the default and final judgment should be set aside. We find the trial court grossly abused its discretion in failing to set aside the default. This finding is made in keeping with the policy of liberality in setting aside defaults and allowing trial upon the merits. See B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981); Florida Aviation Academy, 449 So.2d at 353.
To set aside a default for failure to plead, the moving party must show both excusable neglect and a meritorious defense. Chaney v. Headley, 90 So.2d 297 (Fla. 1956); Florida Aviation Academy, 449 So.2d at 353. Quality Electric Service submitted a valid defense in its amendment to motion to vacate and set aside final judgment.
Since we reverse the final judgment entered upon default, we need not address appellant's second issue.
REVERSED and REMANDED.
MILLS and ZEHMER, JJ., concur.