DELL, Judge.
This appeal is from an order denying a motion to vacate a default.
Appellee filed a complaint alleging breach of contract, tortious interference with contract and requesting injunctive relief. Appellee completed service of process on appellants on or about August 5, 1986. On August 28th, appellee’s attorney’s office telephoned appellant’s counsel and requested a response to the complaint and informed him of appellee’s intention to move for a default. On September 2, ap-pellee filed a motion for default, scheduled a hearing on September 9, 1986 and sent a letter to appellants’ counsel stating that the hearing would be cancelled as long as appellee received an answer to the complaint on or before September 9.
Appellants allege that on September 4, 1986 their attorney dictated an answer to the complaint. However, since the attorney had a five-day trial scheduled to begin on September 8th, he instructed his secretary to have the answer, affirmative defenses and avoidances signed by another attorney in the office and filed on Monday, September 8. The secretary confirmed these allegations in an affidavit in support of the motion to vacate the default. On September 9 the trial court heard appellee’s motion for default without an appearance from appellants and granted the motion. On September 11 appellants’ attorney learned of the default because the answer had not been filed as he had instructed. He filed a motion to set aside the default. The trial court cited Singh v. Tolz, 380 So.2d 1326 (Fla. 4th DCA 1980), and denied appellants’ motion.
Appellants claim that the trial court grossly abused its discretion in refusing to set aside the default because they had shown excusable neglect, meritorious defenses and due diligence in moving to set aside the default. We agree.
We find no support for the trial court’s refusal to set aside the default in Singh v. Tolz. In Singh we concluded that appellant consciously disregarded the trial *1202 court’s order to file an amended complaint. We find no basis in this record to conclude that appellants’ counsel consciously disregarded appellee’s warnings that a default would be taken unless a responsive pleading was filed on or before September 9. Here the record shows that appellants' counsel reacted to appellee’s letter of September 2 by dictating an answer, affirmative defenses and avoidance to appellee’s claim. Anticipating that he would be in trial when the answer was completed, he instructed his secretary to have another attorney in his office sign the pleadings and to file them on September 8. We find no support for appellee’s argument that appellants’ counsel intentionally ignored the necessity to take appropriate action. Secretarial error has been held in numerous cases to constitute excusable neglect. In Florida Aviation Academy, Dewkat Aviation, Inc. v. Charter Air Center Inc., 449 So.2d 350 (Fla. 1st DCA 1984), failure to file a responsive pleading resulted from an inexperienced secretary’s failure to properly calendar the time for a response; in Travelers Insurance Company v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977), the attorney did not attend a hearing on a motion for a default because his secretary had not diaried the date on his calendar; in Quality Electric Service, Inc. v. Seymour Electric Supply Co., 487 So.2d 80 (Fla. 1st DCA 1986), the secretary placed the summons and complaint on the officer’s desk but the officer did not find them and a default was entered; and in Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983), the secretary inadvertently clipped the summons and complaint to the back of another file and placed it in a file cabinet without the knowledge of counsel. In each of the foregoing cases the court found excusable neglect sufficient to set aside a default.
In Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985), this court stated:
We therefore conclude that, where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits. It is a gross abuse of discretion for the trial court to rule otherwise.
Id. at 1106.
The facts of this case fall squarely within the holding of Somero and accordingly we reverse the order denying appellants’ motion to vacate the default.
REVERSED and REMANDED.
DOWNEY, J., concurs.
LETTS, J., concurs specially with opinion.