669 So.2d 1088 (1996)
Julia WALKER, Appellant,
v.
Evelyn FRANKLIN, Appellee.
No. 95-1544.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
Nancy W. Gregoire and Thomas K. Gallagher of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
James O. Walker, III of Law Offices of James O. Walker, III, Pompano Beach, for appellee.
PER CURIAM.
We reverse the entry of summary judgment for two reasons. First, the trial court erred in denying the motion to vacate because there was excusable neglect in the failure of appellant's attorney to attend the summary judgment hearing. See Somero v. Hendry Gen. Hosp., 467 So.2d 1103 (Fla. 4th DCA), rev. denied sub nom., Hayslip v. Somero, 476 So.2d 674 (1985). There was a meritorious defense, and had the appellant's counsel been present, counsel surely would have been able to point out the second reason for reversal, namely that the motion and affidavits do not negate all issues of material fact. See, e.g., Moore v. Morris, 475 So.2d 666 (Fla.1985). This was a quiet title action where the appellant claimed that she had purchased property from appellee pursuant to a contract for deed. The appellee disputed this but did not negate all of the allegations of the complaint in her affidavit, particularly issues of payment. Finally, appellee's contention that the contract for deed fails because of the failure to have two subscribing witnesses on the contract is without merit. Rosenthal v. Finger & Margolis, P.A., 460 So.2d 993 (Fla. 4th DCA 1984).
Reversed.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.