945 So.2d 589 (2006)
John J. JERUE, Appellant,
v.
T. Candace HOLLADAY, A.S.I.D., and T. Candace Holladay Interiors, Inc., d/b/a Nettle Creek, Appellees.
No. 2D05-367.
District Court of Appeal of Florida, Second District.
December 15, 2006.
*590 Debra J. Sutton and Sara-Jean Palmer of Sutton Law Firm, Bartow, for Appellant.
Monterey Campbell, Mark N. Miller, and Kristie Hatcher-Bolin of GrayRobinson, Lakeland, for Appellees.
DAVIS, Judge.
John J. Jerue challenges the trial court's denial of his motion for rehearing and for relief from the final judgment entered in favor of T. Candace Holladay, A.S.I.D., and T. Candace Holladay Interiors, Inc., d/b/a Nettle Creek (collectively "Holladay"). Jerue contracted with Holladay to provide interior design services for an upscale residence that Jerue was constructing. After the residence was completely constructed and decorated, Jerue filed a complaint against Holladay in which he alleged, among other things, that Holladay had marked up the cost of certain decorator items purchased for the Jerue home and had overcharged Jerue in sixty-eight separate invoices. According to Jerue, these surcharges amounted to breach of contract. Accordingly, the complaint alleged counts for breach of contract, fraud, conversion, civil theft, and unfair and deceptive trade practices and sought an accounting against each of the parties.
Based on the terms of the contract, Holladay moved to stay the proceedings and to require that the issues be submitted to arbitration. The trial court granted Holladay's motion, and Jerue subsequently filed a separate civil action alleging fraud in the inducement and asking for rescission of the arbitration agreement. The trial court also referred this action to arbitration.
With regard to Jerue's claims as to the sixty-eight invoices, the arbitrator determined that because those claims were beyond the scope of the arbitration agreement, he lacked jurisdiction to consider them. However, the arbitrator's order stated that "all claims and counterclaims, not expressly decided herein[,] are hereby denied without prejudice to consideration of same in the proper forum."
In response to the arbitrator's order, Jerue filed a third separate complaint (2003-CA-4504), again raising the same issues contemplated by the original complaint. Holladay initially moved to dismiss this new action, alleging that the arbitrator referred the issues of the prior action back to the trial court and that the prior case was the proper forum to resolve the issues. Before obtaining a ruling on that motion, Holladay moved to dismiss the new action for failure to state a cause of action in that the arbitrator already had decided the issues rendered in the prior case. In the alternative, Holladay asked that the trial court either modify or vacate that portion *591 of the arbitrator's report that found he lacked jurisdiction to consider the issues related to the sixty-eight purchase invoices. Finally, the motion requested that the new case be consolidated with the prior case. The trial court granted the motion to consolidate.
After a hearing that counsel for Jerue failed to attend due to a scheduling error, the trial court precluded further review of the issues by granting Holladay's motion to dismiss with prejudice the consolidated cases and entering a final judgment. The trial court concluded that the arbitrator was in error in determining that he did not have jurisdiction to consider the issues related to the purchase invoices and that since Jerue did not ask the trial court to modify or vacate that ruling within the time allowed by law, the arbitrator's erroneous ruling was final and the trial court was divested of jurisdiction to consider the issues. Jerue's counsel sought relief from the judgment pursuant to Florida Rule of Civil Procedure 1.540(b) on the basis that the trial court entered judgment against Jerue in Jerue's counsel's absence, which had been due to a scheduling mistake. He also moved for rehearing on the dismissal. The trial court denied these motions, and Jerue appealed.
Rule 1.540(b)(1) provides that a court may grant relief from a final judgment upon a showing of excusable neglect and a demonstration that a meritorious defense could have been asserted. DiSarrio v. Mills, 711 So.2d 1355 (Fla. 2d DCA 1998). Motions for relief from judgment should be liberally granted once a proper showing is made. Fla. Aviation Acad., Dewkat Aviation, Inc. v. Charter Air Ctr., Inc., 449 So.2d 350 (Fla. 1st DCA 1984). However, it is in the trial court's discretion as to whether to grant such relief. Kroner v. Singer Asset Fin. Co., 814 So.2d 454 (Fla. 4th DCA 2001). A trial court abuses that discretion by denying such relief when proper grounds are demonstrated. Walker v. Franklin, 669 So.2d 1088 (Fla. 4th DCA 1996). In reviewing the decision of the trial court, the appellate court must apply a "reasonableness" test. Tenny v. Allen, 858 So.2d 1192, 1195 (Fla. 5th DCA 2003).
We conclude that the trial court here abused its discretion in denying Jerue's motion for relief from judgment. First, the trial judge was aware of counsel's scheduling error prior to the time of the hearing. Upon entering the hearing, the trial judge advised Holladay's counsel that Jerue's office had notified the court that counsel would be unable to attend due to a scheduling error made by his secretary.[1] However, the hearing proceeded without the presence of Jerue's counsel. Secretarial error in scheduling a hearing has been found to be excusable neglect. See County Nat'l Bank of N. Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981). Further, there is nothing in the record before us that suggests that Holladay would have been prejudiced had the hearing been rescheduled.
Holladay argues that the trial court properly denied Jerue's motion for relief from judgment because Jerue's counsel could not demonstrate that he would have presented a meritorious defense to the motion to dismiss had he been present.
In reviewing this issue, we necessarily address the merits of the trial court's order granting the dismissal and entering the final judgment. In doing so, we not only disagree with Holladay that Jerue failed to demonstrate the existence of a meritorious defense, we conclude that the trial court erred by granting the motion to dismiss with prejudice.
*592 Jerue argues that his third complaint was filed pursuant to the arbitrator's order. That is, once the arbitrator found that he did not have jurisdiction to determine the issues regarding the sixty-eight purchase invoices, Jerue filed the third complaint to place these issues in what the arbitrator's order called the "proper forum." Holladay responds that the issues were referred back to the trial court by the arbitrator's order in the same case referred to the arbitrator (2003-CA-757) and that, thus, the new case (2003-CA-4504) was properly dismissed. However, before the order of dismissal was granted, the trial court granted Holladay's motion to consolidate the two cases. Thus, Holladay's argument is without merit.
Additionally, Holladay argues that Jerue waived any further consideration of the issues by failing to seek the modification of the portion of the arbitrator's order determining that he had no jurisdiction to consider these issues. In fact, Holladay argues that Jerue's failure to move to either affirm or modify/vacate the award within the time limit prescribed by law precludes any further consideration of the issues raised by Jerue.
Jerue argues, however, that such a modification was not necessary because he was in agreement with the arbitrator's finding that arbitration was not the proper forum for considering the issues. Jerue further argues that if the trial court found, as suggested by Holladay's motion, that the arbitrator was in error, the proper relief was to refer the issues back to the arbitrator rather than simply to dismiss the issues with prejudice, which effectively denied Jerue any consideration of the merits of these issues by either the trial court or the arbitrator. Finally, Jerue argues that his third complaint (2003-CA-4505) should be treated as a timely-filed motion to affirm the arbitration order. We agree.
Section 682.12, Florida Statutes (2003), states that the trial court should affirm the arbitration order upon the request of a party unless a request for modifying or vacating the order is timely filed. Jerue's third complaint (2003-CA-4504), which was consolidated with the complaint actually referred to the arbitrator (2003-CA-757) pursuant to Holladay's motion, should be deemed as Jerue's request to affirm the arbitrator's order. See Harris v. Haught, 435 So.2d 926, 927 n. 1 (Fla. 1st DCA 1983). Had the trial court affirmed the arbitrator's order, the issues regarding the invoices would have been before the trial court. However, Holladay's motion to dismiss alternatively asked the trial court to modify or vacate that portion of the arbitrator's order finding he had no jurisdiction over the invoice issues. With that motion before it, the trial court should have either denied the request to vacate and proceeded with the consideration of Jerue's third complaint or granted Holladay's request to vacate that portion of the arbitrator's order and returned the issues for arbitration. To dismiss the complaint with prejudice was error.
Since Jerue demonstrated both excusable neglect and a meritorious defense, we conclude that the trial court abused its discretion in denying the motion for relief from judgment and the motion for rehearing of Holladay's motion to dismiss or in the alternative to confirm in part and vacate or modify in part the arbitration award. We reverse and remand for a new hearing on Holladay's motion.
Reversed.
NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] Counsel's office had mistakenly calendared the hearing for 1:00 p.m. instead of 9:00 a.m., and the attorney was attending another appointment at the time of the hearing.