IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STEVEN WORTMAN,

      Appellant,

v.

CHRISTY WORTMAN,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4699

Opinion filed February 23, 2016.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Christopher W. Wickersham, Jr., of Law Offices of C. W. Wickersham, Jr., P.A.,
Jacksonville, for Appellant.

Appellee Christy Wortman, pro se.

PER CURIAM.

      Steven Wortman appeals from a non-final order determining temporary

needs and child custody issues in a pending action for dissolution of marriage. See

Fla. R. App. P. 9.130(a)(3)(C)(iii). The order was entered after an evidentiary

hearing at which Mr. Wortman's counsel was not present due to a calendaring

mistake. Mr. Wortman's counsel promptly sought reconsideration of the order due to his absence from the hearing, and the trial court denied reconsideration before Mr. Wortman filed his timely notice of appeal from the substantive order. Under these circumstances, we have jurisdiction to review the denial of the motion for reconsideration, and we do so for abuse of discretion. Panama City Gen. P'ship v. Godfrey Panama City Inv., LLC, 109 So. 3d 291, 292 (Fla. 1st DCA 2013).

The facts relevant to Mr. Wortman's motion for reconsideration are undisputed. The hearing on temporary needs and child custody was held approximately twenty days after the petition for dissolution of marriage was filed. Mr. Wortman's counsel was already of record at the time. On the morning of the hearing, Mr. Wortman's counsel went to the wrong courthouse, which is one of two in the county. Having followed an incorrect notation on his calendar, counsel ended up at the wrong place at the right time. Upon discovery of the mistake, counsel's staff immediately contacted the court, and counsel drove directly to the correct courthouse. By the time he arrived, the hearing had concluded. Mr. Wortman had appeared by himself, while his wife, Christy Wortman, was present with counsel. Under these undisputed facts, the trial court abused its discretion in failing to vacate the prior order upon Mr. Wortman's prompt request and hold a hearing where Mr. Wortman could present his case with his attorney's assistance. Cf. Jerue v. Holladay, 945 So. 2d 589, 591 (Fla. 2d DCA 2006); Fla. Aviation

2

Academy, Dewkat Aviation, Inc. v. Charter Air Center, Inc., 449 So. 2d 350, 353 (Fla. 1st DCA 1984). Accordingly, we reverse and remand for vacation of the order on temporary needs and further proceedings consistent with this opinion.

REVERSED and REMANDED.

ROWE, RAY, and SWANSON, JJ., CONCUR.